UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

vs.

Kenyel Dayshawn Coles, Jr.,

        Defendant.

Case No. 18-20431
Hon. Matthew F. Leitman

_____

**PRELIMINARY ORDER OF FORFEITURE**
_____

An Indictment was filed on or around June 20, 2018, which charged Defendant Kenyel Dayshawn Coles, Jr. ("Defendant") with Possession of a Firearm in Furtherance of a Drug Trafficking Crime pursuant to 18 U.S.C. § 924(c) (Count One); Possession With Intent to Distribute Methamphetamine pursuant to 21 U.S.C. § 841(a) (Count Two); and Possession of a Firearm by a Prohibited Person pursuant to 18 U.S.C. § 922(g)(1) (Count Three). The Indictment also sought criminal forfeiture pursuant to 18 U.S.C. § 924(d), including forfeiture of any firearms and ammunition involved in said offense, including but not limited to a Ruger, LC9s, 9mm, semiautomatic handgun bearing serial number: 329-66372.

On July 24, 2018, the government filed a Forfeiture Bill of Particulars to provide notice of its intent to also seek forfeiture of some ammunition. Property listed in the Bill of Particulars includes the following:

- Ruger LC9S Pistol CAL:9, SN:32966372 ("Ruger"); and
- 32 Rounds Winchester-Western Ammunition CAL:9 ("Ammunition").

On October 9, 2018, Defendant pleaded guilty to Counts One and Three of the Indictment, which charged Defendant with Possession of a Firearm in Furtherance of a Drug Trafficking Crime pursuant to 18 U.S.C. § 924(c) (Count One), and Possession of a Firearm by a Prohibited Person pursuant to 18 U.S.C. § 922(g)(1) (Count Three). Defendant also agreed to the forfeiture of the Ruger and Ammunition.

The case agent for the ATF has informed the government that he made contact with the legal owner of the Ruger (which was reported as stolen), and that she is not a prohibited person and there is no reason to not return the Ruger to her upon the conclusion of this case, including any appeals associated with this case. Therefore, the government will no longer pursue judicial forfeiture of the Ruger, and it will remain in the custody of the ATF pending the outcome of this case, including any appeals that may be filed. Once this case has been completely closed, the Ruger

will be returned to the rightful owner by the ATF. Therefore, the only property subject to forfeiture in this matter is the Ammunition.

In his Rule 11 Plea Agreement, Defendant knowingly, voluntarily, and intelligently waived any challenge to the above-described forfeiture of the listed property based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

In his Rule 11 Plea Agreement, Defendant acknowledged he understood forfeiture of the listed property is part of the sentence that may be imposed on him in this case and waived his right to challenge any failure by the Court to advise him of this at the time his guilty plea was accepted, pursuant to Federal Rules of Criminal Procedure 11(b)(1)(J).

In his Rule 11 Plea Agreement, Defendant expressly waived his right to have a jury determine the forfeitability of his interest in the listed property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

NOW, THEREFORE, based upon the Indictment, the Defendant's agreement to forfeiture, and other information in the record:

IT IS HEREBY ORDERED that Defendant hereby forfeits to the United States any and all interest he may have in the following property pursuant to 18 U.S.C. § 924(d):

- Ruger LC9S Pistol CAL:9, SN:32966372 ("Ruger"); and

- 32 Rounds Winchester-Western Ammunition CAL:9

IT IS FURTHER ORDERED that upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

The United States shall publish on www.forfeiture.gov, notice of this preliminary forfeiture order and of its intent to dispose of the Ammunition in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person other than the Defendant asserting a legal interest in the Ammunition may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Ammunition, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional

facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property.

Pursuant to Fed.R.Crim.P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of his sentencing. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Ammunition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Ammunition, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Ammunition, and additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Ammunition following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 6, 2019